THOMAS F. LANDERS [SBN 207335]
tlanders@swsslaw.com
SOLOMON WARD SEIDENWURM & SMITH, LLP
401 B Street, Suite 1200
San Diego, California 92101
(t) 619.231.0303
(f) 619.231.4755

Attorneys for Defendants,
MIDLAND CREDIT MANAGEMENT,
INC. and MIDLAND FUNDING LLC

ARTIS-RAY CASH, JR.
artiscashjr@yahoo.ocm
453 Spring Street
Suite 400 PMB 1211
Los Angeles, CA 90013
Ph: (831) 346-2562

Plaintiff IN PRO PER

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| ARTIS-RAY CASH, JR., | Case No. 2:23-cv-10126-HDV-SSC |
| Plaintiff, | **JOINT RULE 26(f) REPORT** |
| v. | Hearing Date: July 2, 2024<br>Hearing Time: 10:00 a.m. |
| MIDLAND CREDIT MANAGEMENT, INC.; MIDLAND FUNDING, LLC, | Judge: Hernan D. Vera |
| Defendants. | Magistrate Judge: Stephanie S. Christensen |

1       Counsel for Defendants MIDLAND FUNDING LLC ("Midland") and
2 MIDLAND CREDIT MANAGEMENT, INC. ("MCM," and collectively with
3 Midland, "Defendants"), and Plaintiff Artis-Ray Cash, J., in Pro Per, jointly submit
4 this discovery plan in accordance with Rule 26(f) of the Federal Rules of Civil
5 Procedures.  After conferring, the parties agreed, if the Court is inclined, to have the
6 Court issue a Status (Pretrial Scheduling) Order based on their Joint Status Report in
7 lieu of a status conference.

8 **1.     STATEMENT OF THE CASE**

9       The parties have reached a settlement in principle and will file a separate joint
10 notice of settlement.

11       Plaintiff alleges defendants violated the fair debt collection practices act
12 ("FDCPA"), specifically the following provisions: 15 USC §§1692b(5), 1692b(2),
13 1692e(2)(A), 1692d(1), 1692j(a), 1692g, 1692c(b), 1692(c)(1) relating to
14 defendants' alleged communications with plaintiff and alleged reporting to the credit
15 reporting agencies. Defendants deny any liability.

16       There has been no prior motion practice.

17 **2.     SUBJECT MATTER JURISDICTION**

18       This court has federal question jurisdiction because plaintiff asserts claims
19 under the FDCPA, 16 USC §1692a et seq.

20 **3.     LEGAL ISSUES**

21       The primary legal issue is whether defendants alleged conduct violates the
22 FDCPA, and whether plaintiff has Article III standing.

23 **4.     PARTIES, EVIDENCE, ETC.**

24       The parties are plaintiff Artis-Ray Cash, Jr., and defendants Midland Credit
25 Management, Inc. and Midland Funding LLC.  Witnesses will include plaintiff, and
26 FRCP Rule 30(b)(6) witnesses for defendants.  Key documents include
27 correspondence between plaintiff and defendants, and plaintiff's credit reports.

28 / / /

Defendants' filed their Notices of Interested Parties on April 23, 2024 [DOCs 25 and 26] Defendants are corporate affiliates whose ultimate corporate parent is Encore Capital Group, Inc.

**5.      DAMAGES**

Pursuant to the FDCPA, plaintiff may recover statutory damages of up to $1,000, plus actual damages, including emotional distress, plus attorney's fees, if any.

**6.      INSURANCE**

Neither party has any applicable policy that policy of insurance that would provide indemnity or defense of the claims asserted or damages alleged.

**7.      Motions**

**a.      Procedural Motions**

At this time, the parties do not anticipate any procedural motions.

**b.      Dispositive Motions**

Defendant anticipates filing a motion for summary judgment or partial summary judgment after conducting discovery.

**c.      Class Certification Motion**

Not Applicable.

**8.   DISCOVERY**

**a.      Status of Discovery**

Due to efforts to date on discussing settlement.  The parties have not engaged in formal discovery.

**b.      Discovery Plan**

The parties do not propose any changes to disclosures required under FRCP 26(a) and the parties will make those disclosures on or before August 5, 2024. Subjects on which discovery may be needed include the nature and timing of correspondence between the parties, the validity of the debt that is the subject of plaintiff's complaint, defendants' communications to the credit reporting agencies, if

any, and plaintiff 's damages, if any.  Discovery may not be conducted in phases, or be limited to particular issues.  Electronically stored information, if any, shall be exchange in the format in which it is stored. The parties do not currently anticipate any issues about claims of privilege or protection, but if such rise the parties will meet and confer, including by discussing a stipulated protective order.

    **c.**    **Discovery Cut-off**

        Fact Discovery Cut-off:  January 28, 2025

    **d.**    **Expert Discovery.**

        Expert Disclosure (Initial):  February 4, 2025

        Expert Disclosure (Rebuttal):  February 18, 2025

        Expert Discovery Cut-Off:  March 4, 2025

    **e.**    **Settlement Conference/Alternative Dispute Resolution (ADR)**

        The Parties request a settlement conference before a Magistrate Judge.

    **f.**    **Trial**

        **i.**    **Trial Estimate**.

        The parties estimate a 2 day Court trial. Plaintiff anticipates calling 2 witnesses and Defendants anticipate calling 2-3 witnesses.

        **ii.**    **Jury or Court Trial**.

        Court Trial

        **iii.**    **Consent to Trial Before a Magistrate Judge**.

        At this point, the parties do not consent to trial before a Magistrate Judge.

        **iv.**    **Lead Trial Counsel**.

        Plaintiff:  Artis-Ray Cash, Jr.

        Defendant:  Thomas F. Landers

    **g.**    **Independent Expert or Master**.

        There is no need for a Master or independent scientific expert.

    **h.**    **Other Issues**.

1    No other issues at this time.

2    DATED:  July 22, 2024                SOLOMON WARD SEIDENWURM &
3                                         SMITH, LLP

4

5                                         By:    /s/ Thomas F. Landers
                                                THOMAS F. LANDERS
6                                               Attorneys for Defendants,
7                                               MIDLAND CREDIT MANAGEMENT, INC.
                                                and MIDLAND FUNDING LLC
8

9    DATED:  July 22, 2024
10                                        By:    /s/ Artis-Ray Cash, Jr.
                                                ARTIS-RAY CASH, Jr.
11                                              Plaintiff IN PRO PER

12
                                    **ATTESTATION**
13
14           Pursuant to Central District Local Civil Rules, L.R. 5-4.3.4, I hereby certify

15    that the content of this document is acceptable to counsel for Plaintiff and that I have

16    obtained his authorization to affix his electronic signature to this document.

17    DATED:  July 22, 2024               SOLOMON WARD SEIDENWURM &
                                         SMITH, LLP
18

19                                        By:    /s/ Thomas F. Landers
20                                              THOMAS F. LANDERS
                                                Attorneys for Defendants,
21                                              MIDLAND CREDIT MANAGEMENT, INC.
22                                              and MIDLAND FUNDING LLC

23

24

25

26

27

28

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 22nd day of July, 2024, I electronically filed the

following documents:

1.      **JOINT RULE 26(F) REPORT;**

2.      **SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET;**

3.      **DECLARATION IN RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE RE FAILURE TO FILE RULE 26(F) REPORT**

with the Clerk of the Court using the CM/ECF system and copies of these

documents and the Notice of Electronic Filing were served via U.S. Mail and Email

on the following non-CM/ECF participants:

Artis-Ray Cash, Jr.                          Plaintiff IN PRO PER
453 S. Spring Street
Suite 400 PMB 1211
Los Angeles, CA  90013
artiscashjr@yahoo.com

_____
Woody L Doolittle